FILED
JAN 19 2022
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| J.T.,<br><br>    Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>    Defendant. | Case: 1:22−cv−00091<br>Assigned To : Howell, Beryl A.<br>Assign. Date : 1/19/2022<br>Description: Other Civil Rights (L−DECK)<br><br>Civil Action No.<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Plaintiff in this action has moved to proceed under pseudonym, Pl.'s Consent Mot. for Leave to Proceed Anonymously ("Pl.'s Mot."), in the instant suit for attorneys' fees and costs incurred in her successful litigation against the District of Columbia under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), on behalf of her son, Compl. ¶ 1. The District of Columbia consents to the motion. Pl.'s Mot. at 1. For the reasons set forth below, plaintiff's motion is granted, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.[1]

### I.   BACKGROUND

Plaintiff is the parent of a "child eligible for special education" in the District of Columbia. Compl. ¶ 3. On November 27, 2017, plaintiff prevailed in her IDEA suit against the District of Columbia. *Id.* ¶ 5. The Court of Appeals issued its final decision in the case on December 29, 2020. *Id.* ¶ 7. Plaintiff has brought this suit seeking attorneys' fees and

---

[1]   *See* LCvR 40.7(f) (providing that the Chief Judge shall "hear and determine . . . motion[s] to seal the complaint, motion[s] to seal the address of the plaintiff, and motion[s] to file a pseudonymous complaint"); *see also* LCvR 5.1(h)(1) ("Absent statutory authority, no case or document may be sealed without an order from the Court.").

1

costs, as the IDEA provides that a court "may award fees and costs to a prevailing party in an IDEA case." *Id*. ¶ 9.

## II.     LEGAL STANDARD

Generally, a complaint must state the names of the parties and address of the plaintiff. FED. R. CIV. P. 10(a) ("The title of the complaint must name all the parties."); LCvR 5.1(c)(1) ("The first filing by or on behalf of a party shall have in the caption the name and full residence address of the party," and "[f]ailure to provide the address information within 30 days of filing may result in the dismissal of the case against the defendant."); LCvR 11.1 (same requirement as LCvR 5.1(c)(1)).  The Federal and Local Rules thus promote a "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' . . . and, more specifically, from the tradition of open judicial proceedings." *In re Sealed Case*, 931 F.3d 92, 96 (D.C. Cir. 2019) (internal citations omitted) (quoting *Wash. Legal Found. v. U.S. Sentencing Comm'n*, 89 F.3d 897, 899 (D.C. Cir. 1996)).  That "presumption of openness in judicial proceedings is a bedrock principle of our judicial system." *In re Sealed Case*, 971 F.3d 324, 325 (D.C. Cir. 2020) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)).  Accordingly, courts "generally require 'parties to a lawsuit to openly identify themselves to protect the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *Id.* at 326 (internal quotation marks and alterations omitted) (quoting *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (per curiam)).

Despite the presumption in favor of disclosure, the Federal Rules of Civil Procedure describe circumstances in which filings may be redacted and where access to public filings may be limited.  FED. R. CIV. P. 5.2.  Minors, for example, must be referred to using only their

initials. FED. R. CIV. P. 5.2(a)(3). The court may also, for good cause, "require redaction of additional information." FED. R. CIV. P. 5.2(e)(1).

Courts have also, in special circumstances, permitted a party to proceed anonymously. A party seeking to do so, however, "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." *In re Sealed Case*, 971 F.3d at 326. Once that showing has been made, "the court must then 'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure.'" *Id.* (quoting *In re Sealed Case*, 931 F.3d at 96). When weighing those concerns, five factors, initially drawn from *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993), serve as "guideposts from which a court ought to begin its analysis." *In re Sealed Case*, 931 F.3d at 97. These five factors are:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and relatedly, (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* (citing *James*, 6 F.3d at 238).

At the same time, a court must not simply "engage in a wooden exercise of ticking the five boxes." *Id.* Rather, "district courts should take into account other factors relevant to the particular case under consideration." *Id.* (quoting *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189–90 (2d Cir. 2008)). In exercising discretion "to grant the 'rare dispensation' of anonymity . . . the court has 'a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted'. . . tak[ing] into account the risk of unfairness to the opposing party, as well the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Microsoft Corp.*, 56 F.3d at 1464 (quoting *James*, 6 F.3d at

238 (other internal citations and quotation marks omitted)).

The identities of minor parties provide a special case in which the Federal Rules of Civil Procedure require the use of initials to protect the identities of children. FED. R. CIV. P. 5.2(a)(3); *see also* LCvR 5.4(f)(2). Furthermore, a child's personally identifiable information is protected under the IDEA itself. *See* 20 U.S.C. § 1417(c). The IDEA's implementing regulations clarify that this includes "'[t]he name of the child, the child's parent, or other family member,' '[t]he address of the child,' and '[a] list of personal characteristics or other information that would make it possible to identify the child with reasonable certainty.'" *J.W. v. D.C.*, 318 F.R.D. 196, 200 (D.D.C. 2016) (alterations in original) (quoting 34 C.F.R. § 300.32).

### III.   DISCUSSION

This Court is persuaded that the plaintiff has met her burden of showing that her privacy interests outweigh the public's presumptive and substantial interest in knowing the details of judicial litigation. The public's interest in plaintiff's identity is *de minimis* compared to plaintiff's significant privacy interests.

Plaintiff correctly states that the IDEA "protects the identity of students," Pl.'s Mem Supp. Pl.'s Consent Mot. for Leave to Proceed Anonymously ("Pl.'s Mem.") at 2, and that the statute's implementing regulations "require agencies to protect the names of children and their parents and 'any other information that would make it possible to identify the child with reasonable certainty,'" *id.* (quoting 34 C.F.R. §§ 300.32, 300.610). Plaintiff further notes that the Local and Federal Rules explicitly provide minor children the protection anonymity affords, as well do the Federal Rules. *Id.* (citing FED. R. CIV. P. 5.2(a)(3); LCvR 5.4(f)(2)). Because "parents assert their children's rights" in IDEA cases, *id.*, courts routinely allow

plaintiffs to use initials for parents as well as children, absent a showing of prejudice to the defendant, *J.W.*, 318 F.R.D. at 199, because the anonymity afforded a minor by the Federal Rules of Civil Procedure "would be eviscerated unless the parent was also permitted to proceed using" a pseudonym, *id*. When a parent files on behalf of a child who wishes to stay anonymous, their "privacy interests are intractably intertwined." *Id.* Defendant in this action has consented to plaintiff's pseudonymity, Pl.'s Mot. at 1, and further would suffer no prejudice because it is aware of the underlying proceedings and will be able to identify plaintiff and her son, *see* Compl. ¶¶ 5–7.

In sum, weighed against the minimal apparent interest in disclosure, the plaintiff's significant interest in maintaining her anonymity at this stage in the litigation is more than sufficient to overcome any general presumption in favor of open proceedings. *See Horowitz v. Peace Corps*, 428 F.3d 271, 278 (D.C. Cir. 2005) ("If there is no public interest in the disclosure of certain information, 'something, even a modest privacy interest, outweighs nothing every time.'" (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989))).

## IV.     CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that the plaintiff's Motion for Leave to Proceed Anonymously is **GRANTED**, subject to any further consideration by the United States District Judge to whom this case is randomly assigned, and plaintiff may proceed herein using only her initials; and it is further

**ORDERED** that the defendant is prohibited from publicly disclosing the identities of the plaintiff or her son or any personal identifying information that could lead to the

identification of the plaintiff by nonparties, except for the purposes of investigating the allegations contained in the Complaint and for preparing an answer or other dispositive motion in response.

**SO ORDERED.**

Date: January 19, 2022

_____
BERYL A. HOWELL
Chief Judge